UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) LAURA E. GOLAY, on behalf of herself and all others similarly situated,<br><br>             Plaintiff,<br>vs.<br><br>(1) CONDUENT EDUCATION SERVICES, LLC,<br><br>             Defendant. | Case No.: 17-cv-513-JED-FHM |

**CLASS ACTION COMPLAINT**

Plaintiff Laura E. Golay ("Golay" or "Plaintiff"), individually and on behalf of all others similarly situated, alleges based on personal knowledge, the investigation of her counsel, and upon information and belief as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages, and other legal remedies, resulting from the illegal actions of Xerox Educational Services, LLC, d/b/a ACS Educational Services, which recently became Conduent Education Services, LLC ("ACS," "Conduent," or "Defendant") for violations related to Section 623 of the Fair Credit Reporting Act, deceit, violations of the Oklahoma Consumer Protection Act (the "OCPA"), 15 O.S. § 15-752, and violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692D, in their deception and mismanagement in the handling of Plaintiff's student loans.

2. Ms. Golay took out student loans in October of 2005 from the Union Bank of California. Ms. Golay's student loans were turned over for servicing to ACS Education

1

Services, which became Conduent in January 2017. In total, Ms. Golay took out $10,600 in loans. Since graduating from college, Ms. Golay has continued to pay on her student loans in accordance with the plan set up by ACS. However, after paying on her loans beginning on April 13, 2009, Ms. Golay's student loan balance has actually increased to $13,750.69, despite the fact that Ms. Golay has paid more than $9,555.01 to Conduent since 2009.

3. When Ms. Golay asked to see how Defendants were distributing her loan payments, Conduent refused to provide the information. Ms. Golay desired to have her payments applied in a way that would actually reduce her loan balance, but Conduent refused to provide her with information as to how her loans payments had been distributed and what her options were in directing payments on her loans. In essence, Conduent has refused to provide Ms. Golay with adequate information about her loans so that she can pay them off. As a result, Ms. Golay now owes more on her student loans than when she initially took out the loans, despite the fact that she has continued to make timely payments since April 2009.

4. In addition, ACS has charged Ms. Golay with fake late payment charges totaling $400. These late fees were assessed despite the fact that Ms. Golay's payments were not late. In addition, ACS double charged Ms. Golay for her monthly loan payments and then forced her to wait thirty (30) days before issuing her a refund. These actions by ACS, and their unwillingness to return Ms. Golay's money to her in a timely manner, caused her undue financial distress.

5. The truth is that ACS/Conduent has a long and sordid history of defrauding its consumers. Ms. Golay's experience is simply the latest example. Ms. Golay is the subject of a scheme by Defendant to keep her paying fees and interest for as long as possible, rather than allowing her to actually pay down the balance of her student loans. For this reason, Defendant hid detailed information regarding her individual loans, aggregating them together, and refusing to apply payments as requested by Ms. Golay.

6. Conduent has failed to provide Ms. Golay with documents that show how her loan payments have been applied, has refused to inform her of her options for allocating her loan payments, and has maintained a veil of secrecy over the detailed status of Ms. Golay's loans, despite her written requests to Defendant.

7. Plaintiff brings this action for monetary damages, injunctive relief, and statutory damages resulting from Defendant's illegal actions.

### PARTIES, JURISDICTION, AND VENUE

8. Plaintiff Golay is, and at all times mentioned herein was, an individual citizen of the state of Oklahoma, who resides in Bartlesville, Oklahoma.

9. Defendant Conduent is a subsidiary of Conduent, Inc., with its headquarters in Florham Park, New Jersey.

10. Conduent provides financial services to individuals within the State of Oklahoma as well as most other states. It is one of the largest loan services in the United States. The financial services offered by Conduent include servicing educational loans for individuals within the State of Oklahoma. Conduent conducts business throughout the State of Oklahoma.

11. Conduent can be served with process through its registered agent at 10300 Greenbriar Place, Oklahoma City, OK 73159.

12. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, in that this dispute involves predominant issues of federal law. Defendant is liable to Plaintiff pursuant to the provision of the Fair Credit Reporting Act ("FCRA") 15, U.S.C. § 1681, et seq., and the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692, et seq. Defendant is also liable to Plaintiff pursuant to the laws of the State of Oklahoma that may be brought under Pendant Jurisdiction of this Court. Concurrent jurisdiction is provided through any state court of competent jurisdiction.

13. Jurisdiction in this Court is also proper pursuant to 28 U.S.C. § 1332, in that the parties are citizens of different states and Plaintiff is a resident of this District.

## TRIAL BY JURY

14. Plaintiff is entitled to and hereby requests a trial by jury.

## GENERAL FACTS

15. While attending Oklahoma Wesleyan College in Bartlesville, Oklahoma, Ms. Golay took out one private student loan in the amount of $10,600 at an interest rate of 7.6% in October 2005. Ms. Golay completed her time at college, and began to pay her loans through Conduent, which was called ACS at the time Ms. Golay began payment of her loan.

16. Since beginning payment on her loan, Ms. Golay has paid $9,555.01. Despite maintaining her payments as Conduent requested, Ms. Golay, according to Conduent, currently owes $13,750.69 on her original loan of $10,600.

17. Ms. Golay was shocked that she had paid on her student loan faithfully for nearly a decade, and now owed more money than she had initially borrowed. Upon investigation it was discovered that, without Ms. Golay's knowledge, Conduent took her one loan, and split it into two loans, one for $6,360 and one for $4,240, each with a variable interest rate of 7.75%.

18. In order to confirm the terms of her original loan, Ms. Golay requested a copy of her original promissory note, which Conduent refused to supply. In fact, upon making her request to ACS, they began to harass her, having various Conduent employees contact her, sometimes multiple times per day, to grill her about why she wanted to see her original promissory note. Ms. Golay was forced to stop answering calls from unknown numbers on her phone, because she did not want to be harassed by Conduent's employees regarding her simple request for a document she had signed.

19. Eventually, on March 1, 2017, Conduent sent Ms. Golay the signature page of her promissory note along with a Federal Truth in Lending Disclosure Statement dated February 12, 2017. Conduent did not send Ms. Golay the remaining five (5) pages of her original promissory note executed on October 3, 2015, which contained the actual terms of her loan. Upon information and belief, Conduent refuses to provide Ms. Golay with her original promissory note because they are in breach of its terms and have been defrauding Ms. Golay since 2005. Ms. Golay had no knowledge of this fraud, and was shocked when Conduent would not provide her with a copy of a document which she had a right to see.

20. Upon information and belief, Conduent is attempting to hide the original terms of Ms. Golay's promissory note, as they have been acting in breach of the terms of

the promissory note in applying Ms. Golay's payment to her outstanding loan, in splitting her original loan of $10,600 at an interest rate of 7.6% into two loans at a variable interest rate of 7.75% (allowing them to compound Ms. Golay's interest twice the number of times), and by refusing to apply Ms. Golay's payments on her student loan in the manner she desired or even letting her know that she has the option to do so.

21. In addition, on thirteen different occasions, Conduent has charged Ms. Golay with late fees, totaling $400, even when Ms. Golay had paid her loan on time, with the first late payment being charged on April 13, 2009, and the latest being September 30, 2016.

22. Lastly, on multiple occasions, Ms. Golay has been billed twice for her monthly student loan payment. Conduent has removed additional funds without Ms. Golay's consent. When contacted by Ms. Golay, Conduent has agreed to refund her money, but only after holding it for thirty (30) days. Ironically, Conduent is taking a loan from Ms. Golay without her approval and holding it for a month without paying interest, something that Conduent would never allow Ms. Golay to get away with.

23. As a result, Ms. Golay has suffered damages in unnecessary interest paid on her student loan and damage to her credit as a result of the outstanding loan balance that continues to grow despite her making payments on the loan as per its terms.

## CLASS ACTION ALLEGATIONS

24. Plaintiff brings this action behalf of herself and on behalf of all other persons similarly situated (hereinafter referred to as the "Class").

25. Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

> All persons in the United States whose student loans have been serviced by Conduent and its predecessors from April 2009 to the present and have suffered damages as a result of Conduent's failure to legally and ethically service said student loans.

26. In the alternative, Plaintiff proposes a sub-class of:

> All residents of Oklahoma whose student loans have been serviced by Conduent and its predecessors from April 2009 to the present and have suffered damages as a result of Conduent's failure to legally and ethically service said student loans.

27. Collectively, all these persons will be referred to as "Class Members." Plaintiff represents, and is, a member of the Class. Excluded from the Class is Defendant and any entities in which Defendant has a controlling interest, Defendant's agents, and employees, any Judge to whom this action is assigned and any member of such Judge's staff and immediate family.

28. Plaintiff does not know the exact number of members of the Class, but based upon Conduent's marketing of itself as the world's largest process servicing company, Plaintiff reasonably believes that Class members number in the hundreds of thousands.

29. Plaintiff and all members of the Class have been harmed by the acts of Defendant.

30. This Class Action complaint seeks injunctive relief and monetary damages.

31. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding the

multiplicity of identical suits. The Class can be identified easily through records maintained by Defendant.

32. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual Class members. Those common questions of law and fact include, but are not limited to, the following:

   a. Whether Defendant misled Plaintiff and Class Members about how the loans would be serviced and/or payment options for the loans;
   b. Whether Defendant withheld loan documents from Plaintiff and Class Members;
   c. Whether Defendant split Plaintiff and Class Members' loans into multiple loans without reason or informing Plaintiff and Class Members;
   d. Whether Defendant misapplied or failed to apply Plaintiff and Class Members' payments to the loans in accordance with the terms of Plaintiff and Class Members' promissory notes;
   e. Whether Defendant charged fraudulent late fees;
   f. Whether Defendant's conduct was knowing and/or willful;
   g. Whether Defendant is liable for damages, and the amount of such damages; and
   h. Whether Defendant should be enjoined from engaging in such conduct in the future.

33. As a personal victim of the actions described in the preceding paragraph, Plaintiff asserts claims that are typical of each Class Member. Plaintiff will fairly and adequately represent and protect the interests of the Class, and has no interests which are antagonistic to any Class Member.

34. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

35. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel Defendant to comply with state

and federal law. The interest of Class Members in individually controlling the prosecution of separate claims against Conduent is small because the individual damages are relatively small. Management of these claims as a class will not present any significant difficulty, as it is understood that Conduent services hundreds of thousands of student loans in a nearly identical fashion.

36. Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## ESTOPPEL, FRAUDULENT CONCEALMENT, AND STATUTES OF LIMITATIONS

37. Conduent was and is under a continuing duty to disclose to Plaintiff and the Class Members the true nature of their student loans and the terms of repayment. Conduent intentionally concealed the true character and nature of the original promissory notes and Plaintiff and the Class Members' options in repayment of said student loans, and continues to do so. Conduent is aware of the terms of the promissory notes and the options available to Plaintiff and the Class Members for repayment of said loans, and has intentionally and actively concealed them.

38. Plaintiff and the Class Members reasonably relied upon Conduent's intentional misrepresentations designed to conceal material facts from Plaintiff and the

9

Class Members. As a result, Conduent is estopped from relying on the statute of limitations in defense of this action.

39.  Conduent is further estopped from raising any defense of laches as a result of its conduct.

40.  Any statute of limitations has been tolled by Conduent's intentional and ongoing concealment of the facts as alleged in this Complaint. Conduent was and continues to be under a duty to disclose to Plaintiff and the Class Members the truth regarding their student loans, their options for repayment, and the truth about Conduent's double charges and false late payment charges. Plaintiff and the Class Members reasonably relied on Conduent's representations to their detriment. Had Plaintiff or any member of the Class known the truth about their options for repayment, the false late fees, and the misapplication of their student loan payments, they would have taken action to ensure that their student loan payments were being properly applied. Plaintiff and the Class Members could not have discovered the true nature of Conduent's action as they were kept in ignorance by Conduent.

### CAUSES OF ACTION
### COUNT I
### DECEIT

41.  Plaintiff realleges and incorporates by reference the paragraphs above as though fully set forth herein.

42.  Defendant Conduent has suppressed facts that it is bound to disclose. Conduent has further provided Plaintiff with other facts that were intended to or were likely to mislead Plaintiff.

43. Specifically, Conduent has withheld Ms. Golay's original promissory note, and instead provided her with documents that they substituted for her original promissory note in an attempt to hide the terms of Ms. Golay's original promissory note.

44. Conduent has withheld a description of how Ms. Golay's monthly student loan payments have been applied.

45. Conduent charged late penalties to Ms. Golay and the Class Members, even though their payments had been made on time.

46. Conduent double billed Plaintiff and Class Members and when confronted about their "mistake," continued to hold their money for 30 days without legal justification.

47. Lastly, Conduent withheld the fact that Ms. Golay was entitled to provide direction to Conduent as to how her student loan payments were to be applied so that Ms. Golay could pay off her loans in a timely in efficient manner. As a result of Conduent's deceit, Plaintiff has faithfully made payments for nearly a decade on her student loans, and now owes more than her original balance on the loans.

48. As a result of Conduent's deceit, Plaintiff has been damaged in the amount of unnecessary interest she has paid. Plaintiff has further suffered damage to her credit rating, as she has been forced to maintain a loan balance greater than her original loan despite the fact that she has faithfully paid on her loan since April 2009.

### COUNT II
### VIOLATION OF THE OKLAHOMA CONSUMER PROTECTION ACT, 15 O.S. §§ 753(5), (7), (12), AND (20), ET SEQ.

49. Plaintiff realleges and incorporates by reference the paragraphs above as though fully set forth herein.

50. Conduent is an entity providing services in the state of Oklahoma as defined by the Oklahoma Consumer Protection Act ("OCPA").

51. Conduent has engaged in deceptive trade practices by making misrepresentations and omissions that have deceived Plaintiff and Class Members to their detriment. Conduent has withheld information from Ms. Golay and Class Members, including but not limited to the withholding of their promissory notes, withholding information regarding how loan payments were being applied, and withholding information as to how the loans were being organized, split, or otherwise modified by Conduent.

52. Defendant was able to provide accurate information to Plaintiff and Class Members, but refused to do so, even when directly requested. Had Defendant not engaged in the deceptive conduct described herein, Plaintiff and the Class would not have incurred the damages of additional interest payments, damages to their credit reports, and other fees and costs associated with their student loans.

53. Specifically, Conduent has withheld Ms. Golay's original promissory note, and instead provided her with documents that they substituted for her original promissory note in an attempt to hide the terms of Ms. Golay's original promissory note.

54. Conduent has withheld a description of how Ms. Golay's monthly student loan payments have been applied.

55. Conduent charged late penalties to Ms. Golay and the Class Members, even though their payments had been made on time.

56. Conduent double billed Plaintiff and Class Members and when confronted about their "mistake," continued to hold their money for 30 days without legal justification.

57. Lastly, Conduent withheld the fact that Ms. Golay was entitled to provide direction to Conduent as to how her student loan payments were to be applied so that Ms. Golay could pay off her loans in a timely in efficient manner. As a result of Conduent's deceit, Plaintiff has faithfully made payments for nearly a decade on her student loans, and now owes more than her original balance on the loans.

58. As a result of Conduent's deceit, Plaintiff has been damaged in the amount of unnecessary interest she has paid. Plaintiff has further suffered damage to her credit rating, as she has been forced to maintain a loan balance greater than her original loan despite the fact that she has faithfully paid on her loan since April 2009.

## COUNT III
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692D

59. Plaintiff realleges and incorporates by reference the paragraphs above as though fully set forth herein.

60. Defendant Conduent is a debt collector as defined by the Fair Debt Collection Practices Act ("FDCPA").

61. As a debt collector, Conduent called Plaintiff's telephone repeatedly and continuously with the intent to annoy, abuse, and harass her when she requested documents, including her original promissory note, related to her student loan.

62. Defendant Conduent called Plaintiff daily, and sometimes multiple times per day, in an effort to discover why Plaintiff was requesting documents related to her student

loan. Defendant's sole intention was to harass Plaintiff into ceasing inquiry regarding the details of her loan file.

63. After multiple requests by Plaintiff, and multiple harassing phone calls by Defendant, Defendant did not provide Plaintiff with her original promissory note or sufficient documents to determine how or why her student loan payments had been applied in the manner they had by Defendant.

64. As a result of Defendant's violations of the FDCPA, Defendant is liable for statutory damages including, but not limited to, actual damages suffered by Plaintiff and fines as detailed by 15 U.S.C. § 1692k.

## COUNT IV
## UNJUST ENRICHMENT

65. Plaintiff realleges and incorporates by reference the paragraphs above as though fully set forth herein.

66. Defendant receives, and continues to benefit from, proceeds from charging late penalties to Ms. Golay and the Class Members, even though their payments had been made on time.

67. Further, Conduent has double billed Plaintiff and Class Members and when confronted about their "mistake," continued to hold Class Members' money for 30 days without legal justification.

68. Lastly, Conduent withheld the fact that Ms. Golay was entitled to provide direction to Conduent as to how her student loan payments were to be applied so that Ms. Golay could pay off her loans in a timely in efficient manner. As a result of Conduent's

deceit, Plaintiff has faithfully made payments for nearly a decade on her student loans, and now owes more than her original balance on the loans.

69.    As a result of Conduent's deceit, Plaintiff has been damaged in the amount of unnecessary interest she has paid. Plaintiff has further suffered damage to her credit rating, as she has been forced to maintain a loan balance greater than her original loan despite the fact that she has faithfully paid on her loan since April 2009.

70.    Plaintiff and Class Members reasonably believed that making timely payments on their loans would actually reduce the amount of their loans and that Conduent would service their loans in a fair and equitable manner. As alleged above, this has not happened.

71.    Under the circumstances, permitting Defendant to retain the proceeds received from false late charges, double charges, and the misapplication of Class Members' and Plaintiff's loan payment would be unjust. Hence, Defendant should be required to discharge this unjust enrichment.

## COUNT V
## VIOLATION OF § 623 THE FAIR CREDIT REPORT ACT

72.    Under Section 623 of the Fair Credit Reporting Act, Defendant is prohibited from furnishing any information relating to a consumer reporting agency if the reporter knows or should reasonably know that the information is inaccurate.

73.    Upon information and belief, Defendant has made multiple report to credit agencies regarding the balance of Plaintiff's and Class Member's student loan balances as

well as false reports of late payments on Plaintiff's and Class Member's student loan balances.

74. Pursuant to Section 623 of the Fair Credit Reporting Act, it is the duty of Defendant to correct these inaccuracies.

75. Defendant has failed to correct the inaccurate reporting to credit agencies of the balances owed on the student loans held by Plaintiff and the Class Members. These balances should be significantly lower had Plaintiff and Class Members student loan payments been applied correctly.

76. In addition, Defendant has failed to correct false reports of late payments to credit reporting agencies.

77. Defendant should be forced to issue corrections to all credit ratings agencies stating the correct balances owed by Plaintiff and the Class Members had their loan payments been correctly applied and correcting any and all false reports of late payments made by Plaintiff and Class Members.

### COUNT VI
### BREACH OF CONTRACT

78. Plaintiff and Class Members entered into promissory notes for the distribution and payment of her student loan. In addition, Plaintiff and Class Members and Conduent entered into a contact with Plaintiff regarding the serving of her student loan in compliance with the terms of the original promissory note.

79. Plaintiff and Class Members did all, or substantially all, of the significant things the contract required them to do.

80. All conditions required by the contract for Plaintiff and Class Members performance occurred.

81. Conduent failed to service to the student loans of Plaintiff and Class Members according to the terms of the Promissory Notes of Plaintiff and Class Members.

82. Plaintiff and Class Members were financially damaged by Conduent's failure to adhere to the terms of the original promissory note and the terms of the contract between Conduent and Plaintiff and Class Members.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and Class Members the following relief against Defendant:

A. Certifying the Class requested, appointing Plaintiff as class representative of the applicable class and their undersigned counsel as Class counsel;

B. Awards the Plaintiff and Class Members appropriate monetary relief, including actual and statutory damages, restitution, and disgorgement;

C. On behalf of Plaintiff and the Class, entering and injunction against Conduent's deceptive trade practices and requiring Conduent to provide all documents and information regarding Plaintiff's and Class Members' student loans that they are entitled to receive;

D. Order Conduent to pay the costs involved in notifying the Class Members about the judgment and administering the claims process;

E. Award Plaintiff and the Class pre-judgment and post-judgment interest, reasonable attorneys' fees, costs, and expenses as allowable by law; and

F.  Awards such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED: September 11, 2017

Respectfully Submitted,

*/s/ William B. Federman*
William B. Federman (OBA # 2853)
Joshua D. Wells (OBA # 22334)
**FEDERMAN & SHERWOOD**
10205 North Pennsylvania Ave.
Oklahoma City, Oklahoma 73120
Telephone: (405) 235-1560
Facsimile: (405) 239-2112
wbf@federmanlaw.com
jdw@federmanlaw.com

*Attorneys for Plaintiff and the Class*